IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRUCE COMMITTE,

    Plaintiff,

v.

OREGON STATE UNIVERSITY,
JOHN and JANE DOES,

    Defendants.

Civ. No. 6:16-cv-00962-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Bruce Committe, pro se, brings this action alleging age discrimination against Defendants Oregon State University ("OSU") and various unnamed employees ("Doe Defendants") under the Age Discrimination in Employment Act ("ADEA"), 29 USC § 621 *et seq.*, and age discrimination and retaliation in violation of his Equal Protection rights under the Civil Rights Act, 42 U.S.C. § 1983.

OSU has filed a Motion to Dismiss, ECF No. 7, asserting that Committe's § 1983 claim is preempted by the ADEA and that his ADEA claim is barred by sovereign immunity. For the reasons that follow, OSU's motion is GRANTED and Committe's claims are DISMISSED.

## BACKGROUND

Committe alleges that OSU and various unnamed employees engaged in concerted actions that resulted in their decision not to hire him as an academic accounting faculty member beginning Fall 2016 at OSU's Bend, Oregon Cascades campus. Pl.'s Compl., ¶ 1, ECF No. 2.

1 – OPINION AND ORDER

Committe has already brought suit against OSU for failing to hire him for Fall 2015, allegedly because of his age. *Id.* at ¶ 3; *see* Civ. No. 3:13-cv-1341-ST. In that case, Magistrate Judge Stewart found that OSU had legitimate, nondiscriminatory reasons for not hiring Committe. Opinion and Order (Civ. No. 3:13-cv-1341-ST), 16, ECF No. 115. Judge Stewart also found that Committe failed to provide any evidence that OSU's reasons for not hiring him were a pretext for discrimination. *Id.* Therefore, Judge Stewart granted OSU's Motion for Summary Judgment, *Id.* at 20, and dismissed the action with prejudice. J. Dismissing Action (Civ. No. 3:13-cv-1341-ST), 1, ECF No. 116. That case is currently on appeal to the Ninth Circuit Court of Appeals, Case No. 15-35386. Pl.'s Compl., ¶ 3, ECF No. 2; *see* Order (Civ. No. 3:13-cv-1341-ST), ECF No. 121.

In this case, Committe first alleges ADEA violation and age discrimination. Pl.'s Compl., ¶ 12, ECF No. 2. Committe alleges that OSU would have hired him but for his age. *Id.* at ¶ 13. Committe demands equitable relief in the form of a tenured position as Associate Professor of Accounting, *Id.* at ¶ 14A, attorney fees and costs, *Id.* at ¶ 14B, a declaration that OSU discriminated against Committe based on his age, *Id.* at ¶ 14C, and an injunction ordering OSU not to discriminate against Committe based on his age in the future, *Id.* at ¶ 14D.

Committe next alleges that OSU failed to hire him for Fall 2016 in retaliation for his previous suit. *Id.* at ¶ 16. Committe once again requests equitable relief, *Id.* at ¶ 16A, attorneys fees and costs, *Id.* at ¶ 16B, a declaratory judgment, *Id.* at ¶ 16C, and an injunction preventing further discrimination, *Id.* at ¶ 16D.

Lastly, Committe alleges that OSU's employees denied him equal protection of the laws. *Id.* at ¶ 18–20. Committe demands attorney fees and court costs as well as compensatory and punitive damages. *Id.* at ¶ 21–22. Committe also demands three years of back pay and cash

equivalent of back employment benefits, *Id.* at ¶ 22A, five years front pay at the Associate Professor level and ten years at the Full Professor level followed by appointment to Professor Emeritus status, *Id.* at ¶ 22B, cash equivalent of various lost employment benefits, *Id.* at ¶ 22C, attorney fees and court costs, *Id.* at ¶ 22D, $3,000,000 in punitive damages, *Id.* at ¶ 22E, an injunction prohibiting OSU's employees from further denying individuals equal protection, *Id.* at ¶ 22F, and any other appropriate relief, *Id.* at ¶ 22F.

## DISCUSSION

OSU now moves to dismiss Committe's claims for preemption and sovereign immunity. *See* ECF No. 7. Committe has failed to respond. Although this failure to respond may be construed as a concession, I address the merits of OSU's arguments, in part, because pro se plaintiffs are afforded greater leniency than other litigants. *Cano v. Baldwin*, No. 91-171-FR, 1991 WL 57030, at *1 (D. Or. Apr. 10, 1991); citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). In considering OSU's motion to dismiss, this Court views all allegations made in the complaint in a light most favorable to the plaintiff. *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987).

This Court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). The factual allegations in a complaint must present more than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the case of *pro se* litigants a court reviews pleadings under less stringent standards than it does for pleadings drafted by lawyers; the court views the complaint liberally but will not supplant vague and conclusory allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

3 – OPINION AND ORDER

With these standards in mind, I address OSU's motion to dismiss Committe's § 1983 Equal Protection claim and ADEA claims in turn.

## I. § 1983 Equal Protection Claim

OSU first moves to dismiss Committe's § 1983 Equal Protection claim because it is preempted by the ADEA. Defs.' Mot., 2, ECF No. 7. The Ninth Circuit has held that, "the ADEA precludes the assertion of age discrimination in employment claims, even those seeking to vindicate constitutional rights, under § 1983." *Ahlmeyer v. Nevada Sys. Of Higher Educ.*, 555 F.3d 1051, 1057 (9th Cir. 2009). The Court reasoned that the ADEA precludes § 1983 claims for age discrimination in employment because the ADEA provides a comprehensive remedial scheme. *Id.* at 1060.

Because it is preempted and no amendment can cure that flaw, Committe's § 1983 Equal Protection claim is DISMISSED with prejudice.

## II. ADEA Claims

OSU next moves to dismiss Committe's ADEA claims brought against Doe Defendants, arguing that those claims are barred by sovereign immunity. OSU is correct that public universities are entitled to sovereign immunity as arms of the state. Defs.' Mot., 2, ECF No. 7; *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir. 1999) (holding that the University of Oregon "is an arm of the State of Oregon for Eleventh Amendment immunity purposes."). OSU is also correct that the ADEA does not abrogate the States' sovereign immunity from suits by private individuals. Defs.' Mot., 2, ECF No. 7; *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). Sovereign immunity also applies to state officials acting in their official capacity, not state officials acting in their individual capacities. *Vineyard v. Soto*, No. Civ. 10-1481-AC, 2011 WL 3705001, at *3 (D. Or. July 21, 2011), report and recommendation

adopted, No. CIV. 3:10-1481-AC, 2011 WL 3704177 (D. Or. Aug. 22, 2011) (citing *Hopkins v. Clemson Agr. College Of South Carolina*, 221 U.S. 636, 644–45 (1911)).

Therefore, OSU and its employees who acted in their official capacity are immune from Committe's ADEA claims, but employees who acted in their individual capacities are susceptible to suit.

Committe does not appear to allege that any of OSU's employees, acting in their individual capacities, engaged in discriminatory or retaliatory behavior. He alleges that the Doe Defendants "acted in concert" to cause OSU to discriminate. Pl.'s Compl., ¶ 18, ECF No. 2. He fails to plausibly allege that any individual acted with discriminatory intent, and fails to provide factual allegations supporting that any Doe Defendants, acting in concert, did so in their individual capacities. These vague and conclusory allegations support this claim being barred by sovereign immunity. However, *pro se* plaintiffs' complaints are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Hughes*, 449 U.S. at 9 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). As such, the Ninth Circuit has held that the liberality of Rule 15's policy favoring amendment is even more liberal where *pro se* litigants are concerned. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). Therefore, "a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Id.* at 1135–36 (citing *Armstrong v. Rushing*, 352 F.2d 836, 837 (9th Cir. 1965)).

Committe's ADEA claims for discrimination and retaliation are DISMISSED without prejudice with leave to amend his complaint to properly plead plausible ADEA claims against OSU employees acting in their individual capacities. If Committe so amends, OSU is similarly granted leave to move again to dismiss such claims should it deem that prudent.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, ECF No. 7, is GRANTED. Committe's § 1983 Equal Protection claim is DISMISSED with prejudice, as it is preempted. Committee's ADEA claims are DISMISSED against OSU. **Committe is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above, otherwise this action will be dismissed with prejudice.**

IT IS SO ORDERED.

DATED this 11 day of August, 2016.

Michael J. McShane
United States District Judge